**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1979 DATSUN 280 ZX, VIN HS130–143161, Appellee.**

No. 83–1166.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1983.

Decided Nov. 9, 1983.

Richard C. Turner, U.S. Atty., Ronald M. Kayser, Asst. U.S. Atty., S.D. Iowa, Des Moines, Allan P. Mackinnon, Atty., U.S.

Dept. of Justice, Washington, D.C., for appellant.

Barbara G. Barrett of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, for claimant, Pamela Sue Huffman.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

This is an appeal by the government from a decision of the United States District Court in a drug related forfeiture case which found that the claimant, Pamela Huffman, is entitled to recover her automobile, a 1979 Datsun 280 ZX. We affirm.

Huffman purchased the vehicle in 1979 and financed it through the First National Bank of Columbus. In 1981, knowing that she was to be laid off from her job and would have trouble making her payments, Huffman began looking for a buyer for the car. Subsequently, she allowed Everroad, her ex-husband, to drive the car to Iowa to show it to a prospective buyer. While Everr. ad was in Iowa, he was arrested for possession of cocaine with intent to distribute and for conspiring to distribute cocaine and marijuana.[1] At that time the government seized the vehicle pursuant to 49 U.S.C. §§ 781–788 and 21 U.S.C. § 881.

The magistrate found that the evidence in this case did not support a finding that the Datsun was substantially associated with the Iowa drug transaction. The Supreme Court noted in *United States v. U.S. Coin and Currency,* 401 U.S. 715, 721–22, 91 S.Ct. 1041, 1044–45, 28 L.Ed.2d 434 (1971):

> When the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise.

*See also United States v. One 1972 Datsun,* 378 F.Supp. 1200, 1204 (D.N.H.1974). We agree with the magistrate's analysis that the remedial goals of the forfeiture statutes would not be directly promoted by forfeiture of Huffman's vehicle.

The magistrate also determined that the evidence was sufficient to establish the probable cause necessary to believe that the Datsun was used or intended to be used in a manner which would facilitate the transportation, sale, receipt, possession or concealment of a controlled substance. 21 U.S.C. § 881(a)(4) (1976). However, in *United States v. Everroad,* 704 F.2d 403, 404 (8th Cir.1983) we held on the same facts that the officers did not have probable cause to arrest Everroad. *Id.* at 406. Likewise, and for the same reasons, we hold the government did not have the necessary probable cause to support the seizure of the vehicle.

Accordingly, we affirm the judgment of the district court.

---

1. Everroad was convicted in a jury trial, but the conviction was reversed in *United States v. Everroad,* 704 F.2d 403 (8th Cir.1983) (warrantless arrest was not supported by probable cause).